Opinion by
Willson, J.
§ 701. Venue; railroad corporation may he sued, where; ease stated. France instituted this suit to recover dam *615 ages for the destruction of his hay and grass by fire communicated from one of appellant’s engines. Pending the suit, he died, and his surviving widow and child, his only heirs, made themselves parties plaintiffs, and prosecuted the suit to judgment, recovering judgment for $250 and costs. Plaintiffs resided in Ellis county, and the land upon which the fire occurred was in Ellis county. The suit was brought in Dallas county. Appellant pleaded to the jurisdiction of the county court of Dallas county. Held: The court did not err in overruling the plea to the jurisdiction. Suits against a railroad corporation may be brought in any county through or into which the railroad of such corporation extends or is operated. [R. S. art. 1198, subd. 21.] Appellant’s railroad extended into and was operated in Dallas county, and this gave the courts of that county jurisdiction over said corporation.
May 13, 1885.
§ 702. Plea questioning right of 'plaintiff to sue must be verified. An answer setting up that the plaintiff has not legal capacity to sue, or is not entitled to recover in the capacity in which he sues, cannot be considered unless verified by affidavit. [R. S. art. 1264.] There is no such plea in this case, and hence the right of the surviving widow and only child of the original plaintiff, deceased, to continue the prosecution of this suit, in the capacity of sole heirs of the deceased, has not been questioned in a manner authorizing its consideration.-
§ 703. Negligence; charge of court need not define; leaving combustibles on railroad right of way. Negligence is a question of fact for the jury to determine, and, ordinarily, it is not necessary that it should be defined in the charge of the court. When a railroad company suffers combustible materials to remain upon its right of way, it is guilty of negligence, and is responsible for the injuries resulting thereby.
Affirmed.